BRUNOT, J.
 

 This is a suit between copartners. The prayer is for a judicial dissolution of the
 
 *487
 
 partnership, a fixing of the respective rights of the partners, and the rendition of such a judgment, with respect to the partners, as the law'and equity demands.
 

 The record in this case is brought up in six volumes of 1,478 pages. With the exception of the first 85 pages, which are devoted to docket entries, minutes of court, pleadings, judgment, etc., the remaining 1,390 pages consist of the oral and documentary evidence. The trial judge, in the judgment rendered, says:
 

 “The testimony and the record evidence is extremely unsatisfactory. * * * However, it is very evident that plaintiff is entitled to a judgment, at least, in the sum of Eight Hundred Seventy-Eive ($875.00) Dollars.”
 

 Judgment was rendered for that sum, and tne defendant obtained the orders for and perfected a devolutive and suspensive appeal from the judgment.
 

 The record shows that prior to January 22, 1913, W. O. Ohenault was conducting a general mercantile business. On said date the plaintiff, the defendant, and L. S. Mulhern entered into a copartnership and began the conduct of a mercantile business under the firm name of W. O. Ohenault & Oo. The partnership purchased the stock of goods, furniture, fixtures, etc., of W. O. Ohenault for approximately $7,820 and the assumption of an indebtedness of $2,300 due by W. O. Ohenault to his creditors. Subsequently L. S. Mulhern retired from the partnership, and thereafter the interest of the plaintiff and defendant in the partnership was in the following proportions, viz.: Hemler three-elevenths and Ohenault eight-elevenths.
 

 This suit was filed February 16, 1916. On April 1, 1916, Duncan Buie, a certified public accountant, filed an audit of the books of the partnership for the years 1913, 1914, and 1915, showing the earnings of the business from the purchase and sale of merchandise. The correctness of this audit is seriously questioned, but our examination of the record convinces us that it correctly reflects the totals shown on the books. The audit shows that for the year 1913 the partnership earned a profit of $3,334.14, for the year 1914 a profit, less open accounts due by the firm of $3,626.89, and for the year 1915 the partnership suffered a loss of $322. The net profits for 1913 and 1914 were carried on the books of the company as undivided profits. The total profits for said years amount to $6,961.0$, from which must be deducted the indebtedness of $2,300 of W. C. Ohenault assumed by the partnership and the sum of the open accounts due by the partnership and the sum of the loss suffered by it in 1915, which several deductions amount to $2,848.25, leaving a balance of net profits amounting to $4,113.-03. Plaintiff is entitled to three-elevenths thereof, or $1,181.73.
 

 Plaintiff has answered the appeal and prays for an amendment of the judgment increasing the amount thereof. For the reasons assigned, the judgment is amended by increasing the amount thereof from $875 to $1,181.73, and, as thus amended, it is affirmed, at appellant’s cost.